MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-7814
Richard G. Rosenblatt
Phone: (609) 919-6600
Fax: (609) 919-6701
*Attorneys for Defendant*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIWANA GREEN, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | CIVIL ACTION NO. |

### NOTICE OF REMOVAL FROM STATE COURT

Defendant Amazon.com, Inc. ("Amazon"), by its undersigned attorneys, hereby gives notice that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, this action is removed from the Court of Common Pleas for Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. As grounds for removal, Amazon states as follows:

**I.   THE STATE COURT ACTION**

1. On July 21, 2021, Plaintiff Siwana Green ("Green") commenced a putative class action by Complaint against Amazon entitled Siwana Green v. Amazon.com, Inc., Case ID 210701753, in the Philadelphia County Court of Common Pleas (the "Complaint"). Green subsequently reissued the Complaint on or about August 20, 2021 and reissued it again on or about September 17, 2021. A true and correct copy of the Complaint is attached as Exhibit A.

2. On or about September 13, 2021, a Class Action Initiation Order was entered in the Philadelphia County Court of Common Pleas. A true and correct copy of the Class Action Initiation Order is attached as Exhibit B.

3. On October 15, 2021, Green and Amazon agreed upon and entered into a Stipulation whereby (i) counsel for Amazon accepted service of the Complaint and (ii) Amazon was permitted to move, answer, or otherwise respond to the Complaint on or before November 15, 2021. A true and correct copy of the Stipulation is attached as Exhibit C.

4. On October 21, 2021, counsel for the parties appeared for a Case Management Conference in accordance with the September 13 Class Action Initiation Order, in which conference the parties advised that Amazon would be filing a Notice of Removal by or before November 12, 2021.

5. No other proceedings have been held in this action, and the Complaint, Class Action Initiation Order, and October 15, 2021 Stipulation constitute all processes and pleadings in this action.

6. Plaintiff alleges that Amazon operates multiple fulfillment centers throughout Pennsylvania, employs "thousands" of workers paid an hourly wage at those fulfillment centers, and did not properly compensate those employees while they worked at those fulfillment centers. See Exhibit A (Complaint), ¶¶ 7-13, 26. More specifically, Plaintiff alleges that Amazon failed to comply with the requirements of the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Cons. Stat. §§ 333.102 et seq. Id. at ¶ 26.

7. Plaintiff asserts claims on behalf of a putative class of other individuals who have worked for Amazon as hourly employees at any Amazon fulfillment center in Pennsylvania other

than the fulfillment center located in Breinigsville, Pennsylvania (the "Facilities").[1]  Id. at ¶ 14. Plaintiff further asserts that employees who worked at the Breinigsville fulfillment center are "currently cover[ed]" by a putative class on whose behalf claims are asserted in Heimbach v. Amazon.com, Inc., Civil Action No. 3:14-cv-00204-JDH (W.D.Ky.).  Id. at ¶ 13 n.1.  Plaintiff further asserts that the plaintiffs in Heimbach are represented by certain of Plaintiff's lawyers in this matter; that "due to the procedural posture of the *Heimbach* litigation, the *Heimbach* pleadings cannot be amended until after the action is returned to the federal district court"; and that "[b]ecause this may take several months, the instant lawsuit is being filed in order to toll the running of the statute [of] limitations against the PMWA claims of Plaintiff and putative class members who worked outside of the Breinigsville fulfillment center."  Id.[2]  As the statute of limitations for PMWA claims is three years (see 43 Pa. Cons. Stat. § 260.9a(g)), the putative class on whose behalf Plaintiff asserts claims includes all current and former Amazon hourly employees who worked at any of the Facilities on or after July 21, 2018, which is three years before the Complaint was filed.

---

[1] Amazon does not concede, and reserves the right to contest, Plaintiff's allegation that this lawsuit properly can proceed as a class action.

[2] A true and correct copy of the currently operative Amended Complaint in Heimbach is attached as Exhibit D.  At the time Green filed her Complaint, Heimbach was pending before the Sixth Circuit Court of Appeals on the Heimbach plaintiffs' appeal of the district court's granting summary judgment in favor of defendants.  As of this writing, Heimbach has since been remanded to the District Court for the Western District of Kentucky (to which court the matter had been transferred on February 27, 2014 by the Judicial Panel on Multidistrict Litigation).  See Heimbach Dkt. Nos. 1, 28-29, 86-88, 91-93.

## II. <u>REMOVAL IS TIMELY</u>

8. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days after October 15, 2021, the date upon which Amazon accepted service of Plaintiff's Complaint.

9. No previous Notice of Removal has been filed with this Court for the relief sought herein.

## III. <u>GROUNDS FOR REMOVAL</u>

10. 28 U.S.C. § 1441 establishes when an action is removable. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the Amazon, to the district court of the United States for the district and division embracing the place where such action is pending."

11. This Court's subject matter jurisdiction, and the basis for removal, is founded upon 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## IV. <u>ORIGINAL SUBJECT MATTER JURISDICTION</u>

12. The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part in 28 U.S.C. § 1332(d)(2).

13. CAFA provides for federal subject matter jurisdiction over any class action in which (1) the matter in controversy exceeds a specified jurisdictional minimum of $5 million, (2) the aggregate number of putative class members in all proposed plaintiff classes is at least 100, and (3) any member of a class of Plaintiff is a citizen of a different state from any defendant. 28 U.S.C. § 1332(d)(2), 1332(d)(5).

14. Although Amazon denies Plaintiff's factual allegations and that she or the class she purports to represent is entitled to the relief requested, based on Plaintiff's allegations in the

Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met in this case.  Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

      A.      <u>The Amount Plaintiff Places in Controversy Exceeds $5 Million</u>

15.      Amazon denies Plaintiff's factual allegations and denies that she or the class that she seeks to represent are entitled to the relief for which she has prayed.  Amazon properly complied with the Pennsylvania laws at issue at all relevant times.  Plaintiff's allegations and prayer for relief, however, have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[3]

16.      Amazon's burden to establish the amount in controversy is by a preponderance of the evidence.  <u>Dart Cherokee Basin Operating Company, LLC v. Owens</u>, 135 S. Ct. 547 (2014).  A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." <u>Dart Cherokee</u>, 135 S. Ct. at 554.  "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Amazon's references to specific damage amounts is provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Amazon maintains that each of Plaintiff's claims is without merit and that Amazon is not liable to Plaintiff or any putative class member.  Amazon expressly denies that Plaintiff or any putative class member is entitled to recover any of the amounts or penalties sought in the Complaint.  In addition, Amazon denies that liability or damages can be established either as to Plaintiff or on a classwide basis.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

(2005) (citation omitted).  This is consistent with the Third Circuit's historically applying a "liberal" standard in determining whether the amount in controversy is satisfied for purposes of diversity jurisdiction. USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 205 (3d Cir. 2003).

17.     For cases being removed pursuant to CAFA, "determining the amount in controversy begins with a reading of the complaint filed in the state court." Frederico v. Home Depot, Inc., 507 F.3d 188, 197 (3d Cir. 2007) (quoting Samuel–Bassett v. KIA Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004)).  In this matter, Plaintiff purports to represent a class consisting of all "Warehouse Workers" that have worked at the Facilities since July 21, 2018. See supra, ¶ 7; Exhibit A (Complaint), ¶ 14.

18.     Plaintiff alleges that Amazon violated the PMWA by not compensating all Warehouse Workers for "time associated" with "mandatory security screenings both at the beginning of their unpaid meal breaks and at the end of their shifts," including "time spent waiting in security lines and going through the security screening process." See Exhibit A (Complaint), ¶¶ 11-12.

19.     Plaintiff does not quantify in her Complaint how much time she and putative class members allegedly spent in security screening at the end of each shift or at the beginning of meal breaks.  However, in the Heimbach Amended Complaint – which Plaintiff's counsel has indicated intent to amend to include Plaintiff's claims here (see supra, ¶ 7) – the Heimbach plaintiffs alleged that the end-of-shift screening process "routinely took up to between 10 and 20 minutes for Plaintiffs and other Warehouse Workers to complete, and, with delays, it could take over 20 minutes." Exhibit D (Heimbach Amended Complaint), ¶ 26.  The Heimbach plaintiffs also alleged that the screening process during meal breaks "usually takes 7 to 10 minutes for Plaintiffs and other Warehouse Workers to complete, and, with delays, it can take over 10 minutes." Id. at ¶ 33.

20. Based on these allegations, it is reasonable to conclude that Plaintiff – like the Heimbach plaintiffs, to whose Amended Complaint Plaintiff ostensibly plans to add her own claims – is claiming that each member of the putative class is entitled to compensation for 17 to 30-plus minutes (equal to 0.283 to 0.5 hours), and possibly more, of uncompensated time for every day a putative class member has worked at the Facilities since July 21, 2018.

21. Based on Plaintiff's class definition, the putative class contains in excess of 30,000 non-exempt, hourly-paid employees who worked for Amazon at any of the Facilities between July 21, 2018, and the present. See Declaration of Peter Nickerson ("Nickerson Decl.") ¶ 4, attached hereto as Exhibit E.

22. The weighted average hourly pay rate for putative class members from July 21, 2018, through the present is over $16.50 per hour. Exhibit E (Nickerson Decl.) at ¶ 5.

23. The average length of employment by Amazon for putative class members from July 21, 2018, through the present is over 37 weeks. Exhibit E (Nickerson Decl.) at ¶ 6.

24. Plaintiff does not allege how many days she worked per week. Based on her allegation that she and other class members "regularly work over 40 hours per week," Exhibit A (Compl.) at ¶ 10, and assuming up to a 10-hour workday, Plaintiff is alleging that she worked on average at least 4 days per workweek.

25. Accordingly, on the face of the Complaint and assuming (based on Plaintiff's allegations including, *inter alia*, that her "claims … are typical of the claims … applicable to the entire Class," Exhibit A (Compl.) at ¶ 18) that each putative class member worked on average 4 days per week, Plaintiff's cause of action for overtime pay places at least $17,930,880 in controversy: in excess of 30,000 putative class members x $16.50 per hour x 150% overtime

premium x at least 0.283 hours (17 minutes) alleged uncompensated time per work day x 4 days per week x 37 weeks = $31,098,870.

26. Even if Green were to contend that she is only claiming one-fourth of the amount of time per day as the plaintiffs in Heimbach, the amount in controversy still would be well over $5,000,000, at $7,774,717.

27. These figures do not even include attorney's fees or prejudgment interest, both of which Plaintiff also seeks. See Exhibit A (Complaint), Prayer for Relief, ¶¶ B and C.

B.   There Are Over 100 Putative Class Members

28. Plaintiff purports to assert claims on behalf of a putative class of all hourly paid Amazon employees that have worked at the Facilities since July 21, 2018. See Exhibit A (Compl.), ¶¶ 8, 14. Based on this definition, the putative class currently includes over 30,000 putative class members. Exhibit E (Nickerson Decl.) at ¶ 4.

29. Plaintiff further allege that Amazon "employs thousands of workers at its Pennsylvania fulfillment centers [who] are paid an hourly wage." See Exhibit A (Compl.), ¶ 8. Thus, even by Plaintiff's account the requirement for a class of at least 100 individuals is satisfied.

C.   Diversity Exists Between the Parties

30. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled, and residence alone is enough to establish a presumption of domicile. See Anthony v. Small Tube Mfg. Corp., 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007) (citizenship and domicile are equivalent for diversity purposes); Capato v. Astrue, No. 08-5405, 2010 WL 1076522 at *6 (D.N.J. March 23, 2010) (residency establishes a presumption of domicile) (citing District of Columbia v. Murphy, 314 U.S. 441, 455 (1941)).

31. Plaintiff admits to "residing" in Pennsylvania and should be considered a citizen of that Commonwealth.  See Exhibit A (Compl.) at ¶ 1.

32. Pursuant to 28 U.S.C. § 1332(c) and 1332(d)(10), a corporation or unincorporated association is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is incorporated or organized.

33. Defendant Amazon.com, Inc. is a Delaware corporation, with a principal place of business in the State of Washington.  And so, this Defendant is a citizen of Delaware and Washington, while Plaintiff is a citizen of Pennsylvania.

## V. OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

34. Venue is proper in this District pursuant to 28 U.S.C. § 1446(a) because the Court of Common Pleas for Philadelphia County, where this action was filed and had been pending prior to removal, is a state court within this federal district and division.

35. Amazon will promptly file a certified copy of this Notice of Removal with the Prothonotary for the Court of Common Pleas for Philadelphia County in accordance with 28 U.S.C. § 1446(d).

36. Written notice of the filing of this Notice of Removal has been or will be given to Plaintiff in accordance with 28 U.S.C. § 1446(d).

37. A completed Federal Civil Cover Sheet accompanies this Notice of Removal.

38. If any question arises as to the propriety of the removal of this action, Amazon request the opportunity to present both a brief and oral argument in support of its position that this case is removable.

**WHEREFORE,** Amazon respectfully requests that all further proceedings in the Philadelphia County Court of Common Pleas be discontinued and that this suit be removed to the United States District Court for the Eastern District of Pennsylvania.

Date:  November 12, 2021

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Richard G. Rosenblatt

Richard G. Rosenblatt
1701 Market Street
Philadelphia, PA  19103
215.963.5000 (telephone)
215.963.5001 (facsimile)

*Counsel for Amazon.com, Inc.*