# EXHIBIT A

Peter Winebrake (80496)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491



*Filed and Attested by the
Office of Judicial Records
2Ⅲ SEP 2021 06:04 pm
M. RUSSO*

*Additional Counsel Listed on Signature Page*

|  |  |
|---|---|
| SIWANA GREEN, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br>    v.<br><br>AMAZON.COM, INC.,<br>        Defendant. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

<u>**COMPLAINT -- CLASS ACTION**</u>
**1O — Contract: Other**

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.<br> YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br> PHILADELPHIA BAR ASSOCIATION<br> Lawyer Referral and Information Service<br> 1101 Market Street, 11th Floor<br> Philadelphia, Pennsylvania  19107<br> (215) 238-1701 | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demandaen contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidira favor del demandante y require que usted cumplacon todas las provisiones de esta demanda.  Usted puede perder dinero o sus propriedades u otros derechos importantes para usted.<br> LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE SI NO TIENEABOGADO O SI NO TIENE EL DINERO SUFFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONOA LA OFFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br> ASSOCIACION DE LICENCIADOS DE FILADELFIA<br> Servicio De Referencia E Informacion Legal<br> 1101 Market Street, 11th Floor<br> Filadelfia, Pennsylvania  19107<br> (215) 238-1701 |

Siwana Green ("Plaintiff") brings this class action lawsuit against Defendant Amazon.com, Inc. ("Defendant"), seeking all available relief under the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101, *et seq.*

## PARTIES

1. Plaintiff is an individual residing at 113 Rena Drive, Effort, PA 18330.

2. Plaintiff is an employee covered by the PMWA and entitled to its protections.

3. Defendant Amazon.com, Inc. is a Delaware corporation with a principal office located at 410 Terry Avenue North, Seattle, WA 98109.

4. Defendant is an employer covered by the PMWA and required to comply with its wage and hour mandates.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant.

6. Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006 and 2179 because Defendant regularly conducts business in Philadelphia County. *See Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 971 (Pa. Super. 2009). This includes, *inter alia*, the continuous and regular delivery of merchandise to customers located in Philadelphia County.

## FACTS

7. Defendant operates fulfillment centers (a.k.a. warehouses) throughout Pennsylvania.

8. Defendant employs thousands of workers at its Pennsylvania fulfillment centers. These individuals are paid an hourly wage and will be referred to as the "Warehouse Workers."

9. From approximately August 2019 until approximately February 2020, Plaintiff was employed by Defendant as a Warehouse Worker. She was assigned to Defendant's

fulfillment center in Tatamy, PA (Northampton County).

10. Plaintiff and the Warehouse Workers regularly work over 40 hours per week.

11. Defendant has required Plaintiff and other Warehouse Workers to undergo mandatory security screenings both at the beginning of their unpaid meal breaks and at the end of their shifts.

12. Relying on *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27 (2014) – a United States Supreme Court decision interpreting the federal Fair Labor Standards Act – Defendant has refused to pay Plaintiff and other Warehouse Workers any compensation for time associated with the mandatory security screenings. This includes, *inter alia*, time spent waiting in security lines and going through the security screening process.

13. The Pennsylvania Supreme Court has held that the PMWA – unlike the FLSA – requires Defendant to compensate Plaintiff and other Warehouse Workers for all time associated with the mandatory security screenings. *See Heimbach v. Amazon.com, Inc.*, 43 EAP 2019 (Pa. July 21, 2021).[1]

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action on behalf of herself and a class of all Warehouse Workers currently or formerly employed at any Pennsylvania fulfillment center other than the Breinigsville, PA fulfillment center.

15. This action may be properly maintained as a class action pursuant to Pennsylvania

---

[1] The putative *Heimbach* class – which is represented by the undersigned lawyers from the Winebrake & Santillo, LLC firm – currently covers Warehouse Workers at Defendant's Breinigsville, PA fulfillment center. However, due to the procedural posture of the *Heimbach* litigation, the *Heimbach* pleadings cannot be amended until after the action is returned to the federal district court. Because this may take several months, the instant lawsuit is being filed in order to toll the running of the statute limitations against the PMWA claims of Plaintiff and putative class members who worked outside of the Breinigsville fulfillment center.

3

Case ID: 210701753

Rules of Civil Procedure 1702, 1708, and 1709.

16. The Class is so numerous that joinder of all individual members is impracticable, and members of the Class are objectively ascertainable based on payroll data maintained or controlled by Defendant.

17. Defendant's conduct with respect to Plaintiff and the Class raises questions of law or fact that are common to the entire class. In particular, during the relevant class period, Defendant failed to compensate the Class for time associated with mandatory security screenings. The facts and evidence pertaining to this practice are common to the class.

18. Plaintiff's claims and Defendant's corresponding defenses are typical of the claims or defenses applicable to the entire Class because, *inter alia*, all claims are based on the same legal theories and remedies. Furthermore, Plaintiff's assertion that Defendant's violated the PMWA by failing to compensate her and the Class for time associated with mandatory security screenings is sufficiently aligned with the interests of the class as a whole so that pursuit of Plaintiff's own interests will benefit the class as a whole.

19. Plaintiff will fairly and adequately assert and protect the interests of the Class because, *inter alia*, (a) Plaintiff is represented by experienced class action counsel who is well-prepared to vigorously and competently litigate this action on behalf of the Class; (b) Plaintiff and her counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the Class; and (c) Plaintiff and her counsel have adequate financial resources to assure that the interests of the class will not be harmed.

20. A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*,

    (a) The previously mentioned common questions of law and fact

Case ID: 210701753

predominate over any questions affecting Plaintiff or any individual Class member;

 (b) All Class members are easily identifiable through Defendant's records and computer files, and no foreseeable difficulties in the management of this action as a class action exists;

 (c) The monetary damages sought on behalf of the Class are readily calculated and attributable to class members;

 (d) Any injunctive relief is easily administered and enforceable;

 (e) Maintenance of the instant litigation as a class action protects against the risks of inconsistent or varying adjudications that might result if individual Class members were to commence independent actions in various courthouses throughout the Commonwealth;

 (f) Because Defendant conducts a substantial amount of business in Philadelphia County, this Court is an appropriate forum for the litigation of the claims of the entire class;

 (g) The complexities of the issues and the expense of litigating the separate claims of individual class members weigh in favor of class certification. For example, in the instant action, Plaintiff will seek and present evidence concerning, *inter alia*, Defendant's common timekeeping, compensation, and payroll practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings, presents far fewer management difficulties and provides the benefits of unitary adjudication,

Case ID: 210701753

economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency.  Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each class member, and meets all due process requirements as to fairness to Defendant.  Adequate notice of this class action can be provided to class members by hand distribution and/or direct mail; and

(h) Because the damages sustained by individual class members are relatively small compared to the resources of Defendant and the costs of individual litigation, it is impracticable and unrealistic for individual class members to independently pursue litigation against Defendant in order to vindicate their rights.

## COUNT I

21. All previous paragraphs are incorporated as though fully set forth herein.

22. Defendant is an employer covered by the PMWA's mandates.

23. Plaintiff and other Class members are employees entitled to the PMWA's protections.

24. The PMWA entitles employees to compensation for "all hours worked" in a workweek.  *See* 43 P.S. § 333.104(a).

25. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek.  *See* 43 P.S. § 333.104(c).

Case ID: 210701753

26. Defendant has violated the PMWA by failing to pay Plaintiff and other Class Members for time associated with mandatory security screenings. *See Heimbach v. Amazon.com, Inc.*, 43 EAP 2019 (Pa. July 21, 2021).

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the class, seeks the following relief:

A. Unpaid wages (including overtime wages) to the fullest extent permitted under the law;

B. Prejudgment interest to the fullest extent permitted under the law;

C. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

D. Such other and further relief as this Court deems just and proper.

Date: July 21, 2021

/s/ Peter Winebrake
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Michelle L. Tolodziecki
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Sarah R. Schalman-Bergen
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(267) 256-9973

David Garrison (*pro hav vice* admission anticipated)
Barrett Johnston Martin & Garrison LLC
414 Union Street, Suite 900
Nashville, TN  37219

Case ID: 210701753

## VERIFICATION

I, Siwana Green, hereby state:

1. I am plaintiff in this action;

2. I verify that the statements made in the accompanying complaint are true and correct to the best of my knowledge information and belief; and

3. I understand that the statements in the complaint are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: 7/21/2021

DocuSigned by:
*Siwana Green*
7DAFD197177C40E...
Signature – Siwana Green

Case ID: 210701753